Writ denied. No bills of exceptions were perfected and presented to support this writ application.

SANDERS, J., concurs in the denial of the writ.

DIXON, J., concurs in the denial, but there are no rules of this Court, and no statutory provisions requiring perfected bills of exceptions on *applications* for writs to this Court.

268 So.2d 676

**STATE of Louisiana ex rel. William DOYLE**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary.**

No. 52973.

Nov. 21, 1972.

Writ denied. Having received information that the relator's application will be heard on November 27th, the court is of the opinion that the present application for mandamus is moot.

BARHAM, J., is of the opinion mandamus should issue. The writ of habeas corpus was filed in the trial court more

than one year ago. The trial court took no action. In our continual holding of mandamus writs in order to give trial courts time to act we avoid our constitutional obligation to act and grant legal relief when warranted. These delays by us while asking for returns tend to multiply the delays below in acting on writs of habeas corpus. Where a showing is made absolutely entitling one to relief by mandamus, I am of the opinion we should—we must—act without delay, especially where the mandamus is leveled at delinquencies in acting on the "Great Writ."